**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CAROL ANN ACKELS,

        Petitioner,         Case Number: 4:06-CV-15271

v.         HONORABLE PAUL V. GADOLA

CLARICE STOVALL,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Carol Ann Ackels is a state inmate currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. She has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that she is incarcerated in violation of her constitutional rights. She is serving forty to sixty years imprisonment for a second-degree murder conviction, and two years imprisonment for a felony-firearm conviction. For the reasons that follow, the petition will be dismissed.

Rule 4 of the Rules Governing Section 2254 cases provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

In her petition, Petitioner presents a single claim for habeas corpus relief, arguing that the sentencing court violated the principle of proportionality when it sentenced her to a sentence beyond

the sentencing guidelines range for the second-degree murder conviction. Petitioner also argues that and the reasons for this departure were not objective and verifiable.

There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957 (1997). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

Under Michigan law, the maximum sentence for second-degree murder is life or any number of years. Mich. Comp. Laws § 750.317. Therefore, Petitioner's sentence of forty to sixty years was in accordance with the statutory maximum. Consequently, Petitioner fails to state an Eighth Amendment violation under which she would be entitled to habeas corpus relief.

It is well-established that " 'federal habeas corpus review does not lie for errors of state law.' " *Estelle v. McGuire,* 502 U.S. 62, 67 (1991), *quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990). Whether a sentencing court's reasons for departing from the sentencing guidelines were sufficient is a matter of state law. *Welch v. Burke,* 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). *See also Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only). Thus, this claim presents a state law

issue which may not form the basis for habeas corpus relief.

Accordingly, the Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief and **DISMISSES** the petition for a writ of habeas corpus.

**SO ORDERED**.

DATED:  December 5, 2006              s/Paul V. Gadola
                                      PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 5, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                       , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Carol Ackels                                            .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845

3