# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CAROL ANN ACKELS,

                 Petitioner,               Case Number: 06-15271

v.                                      HON. PAUL V. GADOLA

CLARICE STOVALL,

                 Respondent.

_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Carol Ann Ackels filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On December 5, 2006, the Court issued an Order of Summary Dismissal. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

Before Petitioner can appeal the Court's decision, a COA under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In her petition, Petitioner presented a single claim for habeas corpus relief, that the sentencing court violated the principle of proportionality when it sentenced her beyond the sentencing guidelines range for her second-degree murder conviction and the reasons for this departure were not objective and verifiable.  While there exists no constitutional right to strict proportionality in sentencing, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime."  *Harmelin v. Michigan*, 501 U.S. 957, 995 (1997).  "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'."  *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995).  Under Michigan law, the maximum sentence for second-degree murder is life or any number of years.  Mich. Comp. Laws § 750.317.  Therefore, Petitioner was sentenced in accordance with the statutory maximum, and, the Court held, failed to state an Eighth Amendment violation.

In addition, the Court held that Petitioner's claim that the sentencing court failed to provide sufficient reasons for departing from the sentencing guidelines was a matter of state law and, therefore, not cognizable on federal habeas review.

This Court holds that jurists of reason would not find the conclusion that the petition was meritless to be debatable or wrong.  *See Slack*, 529 U.S. at 484.  Therefore, Petitioner is not entitled to a COA.

Accordingly, **IT IS HEREBY ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

Dated:   February 22, 2007                         s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  February 22, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  _____Carol Ann Ackels_____.

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

3